IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAVAR PIERCE, No. 2120129, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-41-JPG |
| | ) |
| PALADIN EASTSIDE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Tri-County Detention Center in Ullin, Illinois ("Tri-County"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendant Paladin Eastside is a private company that operates Tri-County.[1] Plaintiff complains that since he arrived at Tri-County on May 15, 2012, the pod where he has been housed has never had cold water, only hot (Doc. 1, pp. 4-6). Therefore, he has not been able to drink any cold water since he has been in the jail (Doc. 1, p. 5). Plaintiff complained to the correctional officers and wrote a grievance to the Lieutenant, asking for ice to be provided "more often" (Doc. 1, p. 4). He was told that nothing could be done about the lack of cold water, and ice would be brought when the officers feel it is needed.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

In a complaint regarding prison conditions, only deprivations of basic human needs like

---

[1] Website of Paladin Eastside Psychological Services, Inc.,
http://www.paladineastside.com/corrections/tri-county-detention.

food, medical care, sanitation, and physical safety will implicate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deny an inmate the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347.

Here, Plaintiff's allegations do not indicate a deprivation of sufficient seriousness to rise to the level of a constitutional claim. While the lack of cold water was doubtless inconvenient, Plaintiff was not deprived of all running water in his section of the jail – hot water was available. Hot water will eventually cool down if left to sit in a container, and Plaintiff indicates that ice was provided on some occasions. In addition, there is no indication that Plaintiff suffered any physical harm as a result of the lack of cold water. Mere discomfort and inconvenience do not implicate the constitution. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).

Because Plaintiff has failed to plead facts indicating an objectively serious deprivation or risk of harm to his health or safety, it is not necessary to examine whether any individual jail officials acted or failed to act to mitigate the conditions of which he complains. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Indeed, Plaintiff has not named any individual Defendants in connection with his claim. Had he raised any cognizable constitutional issues, he would be

allowed to amend his complaint to identify the responsible Defendants.  However, leave to amend need not be granted when such amendment would be futile, as it would be in this case. *See Bogie v. Rosenberg*, No. 12-1923, --- F.3d ---, 2013 WL 174113, at *2 (7th Cir. Jan. 17, 2013); *Garcia v. City of Chicago,* 24 F.3d 966, 970 (7th Cir. 1994).

### Filing Fee

Plaintiff filed this action without paying the $350.00 filing fee, nor did he file a motion to proceed *in forma pauperis* ("IFP").  The Clerk's letter informing him of his fee obligation (Doc. 2) was returned as undeliverable (Doc. 3), and another attempt to mail the letter to Plaintiff has been made.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable despite the dismissal of his case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The agency having custody of Plaintiff is directed to remit the $350.00 filing fee from his prisoner trust fund account if such funds are available.  If he does not have $350.00 in his account, the agency must send 20% of the current balance or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $355.00 is paid in its entirety.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Tri-County Correctional Center.

### Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** February 3, 2013

s/ J. Phil Gilbert
United States District Judge
